1  Anne E. Reuben, WSBA #53299
   areuben@littler.com
2  LITTLER MENDELSON, P.C.
   One Union Square
3  600 University Street, Suite 3200
   Seattle, Washington  98101.3122
4  Telephone:  206.623.3300
   Facsimile:   206.447.6965
5
   *Attorneys for Defendant*
6

7
                    UNITED STATES DISTRICT COURT
8            FOR THE EASTERN DISTRICT OF WASHINGTON

9  TAHVIO GRATTON, an individual,
                                          Case No. 1:22-cv-03149-TOR
10            Plaintiff,

11       v.                               **ANSWER TO COMPLAINT FOR
                                          DAMAGES**
12  UNITED PARCEL SERVICE, INC., a
    Delaware Corporation,
13
              Defendant.
14

15       Defendant UNITED PARCEL SERVICES, INC. ("UPS" or "Defendant"),[1]

16  by and through its counsel of record, hereby answers the Complaint filed by Plaintiff

17  TAHVIO  GRATTON  ("Gratton"  or  "Plaintiff"),  and  responds  to  the

18  correspondingly numbered paragraphs of the Complaint as follows:

19              **I.      NATURE OF THE ACTION**

20       1.     Answering Paragraph 1 of the Complaint, Defendant admits that

21  Plaintiff purports to assert claims for declaratory judgment, equitable relief, and

22  monetary damages under the WLAD and Section 1981, as well as through the

---

[1] Defendant was an employee of United Parcel Service, Inc. – an Ohio corporation that is a subsidiary of another corporation that is also called United Parcel Service, Inc. but is a Delaware corporation. Because Plaintiff was an employee of the Ohio corporation, this answer is being filed on behalf of that entity, and all references to "Defendant" or "UPS" are intended to refer to the Ohio corporation. To the extent Plaintiff intends to assert his claims against the Delaware corporation, Defendant denies Plaintiff was employed by that entity and denies all claims and allegations against the Delaware corporation.

ANSWER TO COMPLAINT FOR DAMAGES
                                    - 1

common law tort of wrongful discharge in violation of public policy. Defendant

denies that Plaintiff is entitled to any such relief and, except as expressly admitted,

denies each and every allegation contained in Paragraph 1 of the Complaint.

2.    Answering Paragraph 2 of the Complaint, Defendant admits that

Plaintiff is a former UPS employee. Upon information and belief, Defendant admits

that Plaintiff is a black man. Except as expressly admitted, Defendant denies each

and every allegation contained in Paragraph 2 of the Complaint.

## II.    PARTIES, JURISDICTION, AND VENUE

3.    Answering Paragraph 3 of the Complaint, Defendant admits that

Plaintiff is a former employee of UPS. Defendant is without sufficient knowledge to

form a belief as to the truth or falsity of Plaintiff's current place of residence, and

accordingly denies those allegations on that basis. Except as expressly admitted,

Defendant denies each and every allegation contained in Paragraph 3 of the

Complaint.

4.    Answering Paragraph 4 of the Complaint, Defendant admits that it is a

corporation that transacts business within the Eastern District of Washington. Except

as expressly admitted, Defendant denies each and every allegation contained in

Paragraph 4 of the Complaint.

5.    Answering Paragraph 5 of the Complaint, the allegations in Paragraph

5 are legal conclusions to which no response is required. To the extent a response is

required, Defendant does not contest this Court's exercise of subject matter

jurisdiction over claims brought pursuant to federal law. However, Defendant notes

that it does assert as a defense that Plaintiff's claims are preempted by federal labor

law and should not be allowed to proceed in this or any other court.

6.    Answering Paragraph 6 of the Complaint, the allegations in Paragraph

6 are legal conclusions to which no response is required. To the extent a response is

ANSWER TO COMPLAINT FOR DAMAGES
- 2

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

1   required, Defendant does not contest this Court's exercise of supplemental

2   jurisdiction over Plaintiff's state-law claims. However, Defendant notes that it does

3   assert as a defense that Plaintiff's claims are preempted by federal labor law and

4   should not be allowed to proceed in this or any other court.

5          7.      Answering Paragraph 7 of the Complaint, the allegations in Paragraph

6   7 are legal conclusions to which no response is required. To the extent a response is

7   required, Defendant does not contest venue in this Court, except that Defendant does

8   assert as a defense that Plaintiff's claims are preempted by federal labor law and

9   should not be allowed to proceed in this or any other court. Further answering,

10  Defendant admits that it employed Plaintiff within this judicial district. Except as

11  expressly admitted, Defendant denies each and every allegation contained in

12  Paragraph 7 of the Complaint.

13         8.      Answering Paragraph 8 of the Complaint, the allegations in Paragraph

14  8 include legal conclusions to which no response is required. To the extent a response

15  is required, Defendant admits that it employed Plaintiff within this judicial district.

16  Except as expressly admitted, Defendant denies each and every allegation contained

17  in Paragraph 8 of the Complaint.

18              **III.    FACTUAL ALLEGATIONS**

19         9.      Answering Paragraph 9 of the Complaint, Defendant hereby

20  incorporates its answers to Paragraph 1 through 8 of the Complaint.

21         10.     Answering Paragraph 10 of the Complaint, Defendant admits that it

22  employed Plaintiff as a Package Car Driver from September 26, 2016, to October

23  27, 2021. Except as expressly admitted, Defendant denies each and every allegation

24  contained in Paragraph 10 of the Complaint.

25         11.     Answering Paragraph 11 of the Complaint, Defendant admits the

26  allegations contained in this paragraph.

ANSWER TO COMPLAINT FOR DAMAGES

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

1     12.    Answering Paragraph 12 of the Complaint, Defendant admits that

2    Plaintiff worked as a Package Car Driver at the Seattle UPS center for approximately

3    15 or 16 months before he transferred to the Yakima UPS center. Except as expressly

4    admitted, Defendant denies each and every allegation contained in Paragraph 12 of

5    the Complaint.

6     13.    Answering Paragraph 13 of the Complaint, Defendant admits the

7    allegations contained in this paragraph upon information and belief.

8     14.    Answering Paragraph 14 of the Complaint, Defendant denies the

9    allegations contained in this paragraph.

10    15.    Answering Paragraph 15 of the Complaint, Defendant denies the

11    allegations contained in this paragraph.

12    16.    Answering Paragraph 16 of the Complaint, Defendant admits that Matt

13    Fromherz was an On-Road Supervisor and Erik Loomis was the Center Manager at

14    the Yakima center where Plaintiff worked. Except as expressly admitted, Defendant

15    denies each and every allegation contained in Paragraph 16 of the Complaint.

16    17.    Answering Paragraph 17 of the Complaint, Defendant denies the

17    allegations contained in this paragraph.

18    18.    Answering Paragraph 18 of the Complaint, Defendant admits that

19    Package Car Drivers' work is subject to the provisions of a collective bargaining

20    agreement ("CBA") and that work (and lay-offs) are subject to the seniority

21    provisions in the CBA. Except as expressly admitted, Defendant denies each and

22    every allegation contained in Paragraph 18 of the Complaint.

23    19.    Answering Paragraph 19 of the Complaint, Defendant denies the

24    allegations contained in this paragraph.

25    20.    Answering Paragraph 20 of the Complaint, Defendant admits that there

26    were times when Plaintiff wanted to cover another driver's route, disregarding the

ANSWER TO COMPLAINT FOR DAMAGES
- 4 -

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

seniority provisions in the CBA and the fact that Plaintiff was the lowest-seniority driver at the Yakima center. Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 20 of the Complaint.

21.   Answering Paragraph 21 of the Complaint, Defendant denies the allegations contained in this paragraph.

22.   Answering Paragraph 22 of the Complaint, Defendant denies the allegations contained in this paragraph.

23.   Answering Paragraph 23 of the Complaint, upon information and belief, Defendant denies the allegations contained in this paragraph.

24.   Answering Paragraph 24 of the Complaint, Defendant denies the allegations contained in this paragraph.

25.   Answering Paragraph 25 of the Complaint, Defendant admits that Plaintiff pursued a grievance through his union in April 2018 regarding compensation on layoff days. Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 25 of the Complaint.

26.   Answering Paragraph 26 of the Complaint, Defendant admits that the aforementioned grievance was resolved between Defendant and Plaintiff's union and that, as part of the resolution, Defendant agreed to post weekly route assignments for Package Car Drivers at the Yakima center. Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 26 of the Complaint.

27.   Answering Paragraph 27 of the Complaint, Defendant denies the allegations contained in this paragraph.

28.   Answering Paragraph 28 of the Complaint, Defendant denies the allegations contained in this paragraph.

29.   Answering Paragraph 29 of the Complaint, upon information and

ANSWER TO COMPLAINT FOR DAMAGES
- 5

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

1    belief, Defendant denies the allegations contained in this paragraph.

2         30.    Answering Paragraph 30 of the Complaint, Defendant admits that

3    Package Car Drivers are subject to periodic ride-alongs by management. Defendant

4    further admits that Sam O'Rourke rode along with Plaintiff on or about April 25,

5    2018. Except as expressly admitted, Defendant denies each and every allegation

6    contained in Paragraph 30 of the Complaint.

7         31.    Answering Paragraph 31 of the Complaint, Defendant denies the

8    allegations contained in this paragraph.

9         32.    Answering Paragraph 32 of the Complaint, Defendant admits that

10   O'Rourke is white and approximately three years younger than Plaintiff. Except as

11   expressly admitted, Defendant denies each and every allegation contained in

12   Paragraph 32 of the Complaint.

13        33.    Answering Paragraph 33 of the Complaint, Defendant denies the

14   allegations contained in this paragraph.

15        34.    Answering Paragraph 34 of the Complaint, Defendant denies the

16   allegations contained in this paragraph.

17        35.    Answering Paragraph 35 of the Complaint, Defendant denies the

18   allegations contained in this paragraph.

19        36.    Answering Paragraph 36 of the Complaint, Defendant denies the

20   allegations in this paragraph.

21        37.    Answering Paragraph 37 of the Complaint, Defendant denies the

22   allegations contained in this paragraph.

23        38.    Answering Paragraph 38 of the Complaint, Defendant is without

24   sufficient knowledge to form a belief as to the truth or falsity of the allegations in

25   Paragraph 38, and accordingly denies those allegations on that basis. Except as

26   expressly admitted, Defendant denies each and every allegation contained in

ANSWER TO COMPLAINT FOR DAMAGES
- 6 -

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

1 Paragraph 38 of the Complaint.

2      39.    Answering Paragraph 39 of the Complaint, Defendant is without

3 sufficient knowledge to form a belief as to the truth or falsity of the allegations in

4 Paragraph 39, and accordingly denies those allegations on that basis. Except as

5 expressly admitted, Defendant denies each and every allegation contained in

6 Paragraph 39 of the Complaint.

7      40.    Answering Paragraph 40 of the Complaint, Defendant is without

8 sufficient knowledge to form a belief as to the truth or falsity of the allegations in

9 Paragraph 40, and accordingly denies those allegations on that basis. Except as

10 expressly admitted, Defendant denies each and every allegation contained in

11 Paragraph 40 of the Complaint.

12      41.    Answering Paragraph 41 of the Complaint, Defendant is without

13 sufficient knowledge to form a belief as to the truth or falsity of the allegations in

14 Paragraph 41, and accordingly denies those allegations on that basis. Except as

15 expressly admitted, Defendant denies each and every allegation contained in

16 Paragraph 41 of the Complaint.

17      42.    Answering Paragraph 42 of the Complaint, Defendant denies the

18 allegations contained in this paragraph.

19      43.    Answering Paragraph 43 of the Complaint, Defendant admits that

20 Plaintiff was at the Yakima center on or about May 25, 2018, and that Fromherz

21 found Plaintiff searching a Package Car for a personal package at a time when

22 Plaintiff was off-duty and the Package Car was supposed to be prepared by on-duty

23 employees to make deliveries. Defendant further admits that Fromherz confirmed

24 that Plaintiff was off-duty and then instructed Plaintiff to retrieve his personal

25 package at the will-call window and allow the on-duty employees to continue

26 operations. Defendant is without sufficient knowledge to form a belief as to the truth

ANSWER TO COMPLAINT FOR DAMAGES
- 7

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

1 | or falsity as to the exact conversation between Plaintiff and Fromherz, and
2 | accordingly denies those allegations on that basis. Except as expressly admitted,
3 | Defendant denies each and every allegation contained in Paragraph 43 of the
4 | Complaint.

5 |       44.    Answering Paragraph 44 of the Complaint, Defendant denies the
6 | allegations contained in this paragraph.

7 |       45.    Answering Paragraph 45 of the Complaint, Defendant denies the
8 | allegations contained in this paragraph and specifically denies that Fromherz
9 | mistreated Plaintiff or treated him less favorably than other employees.

10 |       46.    Answering Paragraph 46 of the Complaint, Defendant admits that, on
11 | or about June 20, 2018, Plaintiff pursued a grievance through his union, claiming
12 | that Fromherz had "showed no respect or dignity to [him] on May 25, 2018." Except
13 | as expressly admitted, Defendant denies each and every allegation contained in
14 | Paragraph 46 of the Complaint.

15 |       47.    Answering Paragraph 47 of the Complaint, Defendant admits that
16 | Plaintiff pursued grievances through his union regarding alleged violation of the
17 | CBA. Except as expressly admitted, Defendant denies each and every allegation
18 | contained in Paragraph 47 of the Complaint.

19 |       48.    Answering Paragraph 48 of the Complaint, Defendant denies the
20 | allegations contained in this paragraph.

21 |       49.    Answering Paragraph 49 of the Complaint, Defendant denies the
22 | allegations contained in this paragraph.

23 |       50.    Answering Paragraph 50 of the Complaint, Defendant denies the
24 | allegations contained in this paragraph.

25 |       51.    Answering Paragraph 51 of the Complaint, Defendant denies the
26 | allegations contained in this paragraph.

ANSWER TO COMPLAINT FOR DAMAGES
- 8

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

1    52.    Answering Paragraph 52 of the Complaint, Defendant denies the
2    allegations contained in this paragraph.

3    53.    Answering Paragraph 53 of the Complaint, Defendant denies the
4    allegations contained in this paragraph.

5    54.    Answering Paragraph 54 of the Complaint, Defendant denies the
6    allegations contained in this paragraph.

7    55.    Answering Paragraph 55 of the Complaint, Defendant denies the
8    allegations contained in this paragraph.

9    56.    Answering Paragraph 56 of the Complaint, Defendant denies the
10   allegations contained in this paragraph.

11   57.    Answering Paragraph 57 of the Complaint, Defendant denies the
12   allegations contained in this paragraph.

13   58.    Answering Paragraph 58 of the Complaint, upon information and
14   belief, Defendant denies the allegations contained in this paragraph.

15   59.    Answering Paragraph 59 of the Complaint, upon information and
16   belief, Defendant denies the allegations contained in this paragraph.

17   60.    Answering Paragraph 60 of the Complaint, Defendant denies the
18   allegations contained in this paragraph.

19   61.    Answering Paragraph 61 of the Complaint, upon information and
20   belief, Defendant denies the allegations contained in this paragraph.

21   62.    Answering Paragraph 62 of the Complaint, upon information and
22   belief, Defendant denies the allegations contained in this paragraph.

23   63.    Answering Paragraph 63 of the Complaint, upon information and
24   belief, Defendant denies the allegations contained in this paragraph.

25   64.    Answering Paragraph 64 of the Complaint, Defendant denies the
26   allegations contained in this paragraph.

ANSWER TO COMPLAINT FOR DAMAGES
- 9

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

1    65.    Answering Paragraph 65 of the Complaint, Defendant denies the

2    allegations contained in this paragraph.

3    66.    Answering Paragraph 66 of the Complaint, Defendant denies the

4    allegations contained in this paragraph.

5    67.    Answering Paragraph 67 of the Complaint, Defendant denies the

6    allegations contained in this paragraph.

7    68.    Answering Paragraph 68 of the Complaint, Defendant admits that

8    Plaintiff pursued grievances through his union for alleged violations of the CBA.

9    Except as expressly admitted, Defendant denies each and every allegation contained

10   in Paragraph 68 of the Complaint.

11   69.    Answering Paragraph 69 of the Complaint, Defendant admits that

12   Plaintiff pursued grievances through his union for alleged violations of the CBA.

13   Except as expressly admitted, Defendant denies each and every allegation contained

14   in Paragraph 69 of the Complaint.

15   70.    Answering Paragraph 70 of the Complaint, Defendant denies the

16   allegations contained in this paragraph.

17   71.    Answering Paragraph 71 of the Complaint, Defendant denies the

18   allegations contained in this paragraph.

19   72.    Answering Paragraph 72 of the Complaint, Defendant denies the

20   allegations contained in this paragraph.

21   73.    Answering Paragraph 73 of the Complaint, Defendant denies the

22   allegations contained in this paragraph.

23   74.    Answering Paragraph 74 of the Complaint, Defendant denies the

24   allegations contained in this paragraph.

25   75.    Answering Paragraph 75 of the Complaint, Defendant denies the

26   allegations contained in this paragraph.

ANSWER TO COMPLAINT FOR DAMAGES
- 10

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

76.    Answering Paragraph 76 of the Complaint, Defendant admits that it terminated Plaintiff's employment on October 27, 2021. Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 76 of the Complaint.

77.    Answering Paragraph 77 of the Complaint, Defendant denies the allegations contained in this paragraph.

78.    Answering Paragraph 78 of the Complaint, Defendant denies the allegations contained in this paragraph.

79.    Answering Paragraph 79 of the Complaint, Defendant denies the allegations contained in this paragraph.

80.    Answering Paragraph 80 of the Complaint, Defendant denies the allegations contained in this paragraph.

81.    Answering Paragraph 81 of the Complaint, the allegations in Paragraph 81 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies that it engaged in any conduct in violation of RCW 49.60, *et seq.*

82.    Answering Paragraph 82 of the Complaint, the allegations in Paragraph 82 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies that Plaintiff was not paid all wages owed to him.

83.    Answering Paragraph 83 of the Complaint, Defendant denies the allegations contained in this paragraph.

84.    Answering Paragraph 84 of the Complaint, Defendant denies the allegations contained in this paragraph.

85.    Answering Paragraph 85 of the Complaint, Defendant denies the allegations contained in this paragraph.

86.    Answering Paragraph 86 of the Complaint, Defendant denies the

ANSWER TO COMPLAINT FOR DAMAGES
- 11 -

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

1   allegations contained in this paragraph.

2      87.   Answering Paragraph 87 of the Complaint, Defendant denies the

3   allegations contained in this paragraph.

### IV.   RESERVATION OF RIGHTS

5   Answering Plaintiff's Reservation of Rights Paragraph of the Complaint, this

6   paragraph does not contain any factual allegations; therefore, no response from

7   Defendant is required. To the extent a response is required, Defendant does not

8   contest Plaintiff's right to amend his pleading in accordance with the applicable civil

9   rules and case scheduling order.

### V.   PRAYER FOR RELIEF

11   Answering Plaintiff's Request for Relief, including Paragraphs A through J

12   therein, Defendant denies that Plaintiff is entitled to any of the relief requested in

13   this lawsuit or to any relief whatsoever.

### DEFENSES AND AFFIRMATIVE DEFENSES

15   Defendant asserts the following separately numbered defenses and affirmative

16   defenses without assuming any burden of proof that it does not have as a matter of

17   law:

18      1.   Defendant denies all allegations not specifically admitted herein.

19      2.   Plaintiff's Complaint fails, in whole or in part, to state a claim upon

20   which relief can be granted, or for which the damages sought may be awarded.

21      3.   Plaintiff's requests for relief should be denied or limited because

22   Defendant's actions were in good faith and based on legitimate, non-discriminatory

23   and non-retaliatory factors unrelated to any unlawful purpose or bias.

24      4.   Any and all actions Defendant took with respect to Plaintiff's

25   employment were for legitimate, non-discriminatory, non-retaliatory reasons and

26

ANSWER TO COMPLAINT FOR DAMAGES
- 12

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

1  were taken for good cause in the good-faith exercise of Defendant's reasonable

2  business judgment.

3      5.    Plaintiff's claims are barred to the extent that he has failed in whole or

4  in part to mitigate damages allegedly sustained as a result of conduct by Defendant.

5      6.    Plaintiff's claims against Defendant are barred by the applicable statutes

6  of limitations or timeliness provisions and/or the doctrine of laches.

7      7.    Plaintiff's claims are barred, in whole or in part, by the doctrines of

8  waiver and/or estoppel.

9      8.    Defendant alleges that if Plaintiff suffered any emotional distress

10  (Defendant denies that Plaintiff suffered any such distress), Plaintiff's emotional

11  distress was proximately caused by factors other than Plaintiff's employment, and

12  any remedy to which Plaintiff might otherwise be entitled must be denied or reduced

13  accordingly.

14      9.    Defendant alleges that Plaintiff is barred from bringing any and all

15  claims against Defendant by the doctrine of unclean hands.

16      10.   Plaintiff's claims are preempted or otherwise barred by the provisions

17  of federal labor law, including the National Labor Relations Act.

18      11.   Plaintiff's claims may be barred, in whole or in part, by the doctrine of

19  after-acquired evidence.

20      12.   Defendant alleges that any unlawful or other wrongful acts, if any, taken

21  by any of the officers, directors, supervisors, or employees of Defendant were outside

22  the scope of his/her authority and such acts, if any, were not authorized, ratified, or

23  condoned by Defendant, nor did Defendant know nor should it have known of such

24  conduct.

25

26

ANSWER TO COMPLAINT FOR DAMAGES
- 13 -

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

1   13.   Defendant asserts that Plaintiff's claims are barred to the extent he failed

2  to exhaust administrative remedies before the EEOC or any other appropriate state or

3  local agency.

4   14.   Plaintiff's claims are barred in whole or in part because Defendant acted

5  reasonably, lawfully, in good faith, and not willfully or with any intent to deprive

6  Plaintiff of any rights or protections to which he was entitled under the law.

7   Defendant has not yet completed a thorough investigation and study or

8  completed discovery of all facts and circumstances of the subject matter of the

9  Complaint, and accordingly, reserves the right to amend, modify, revise, or

10  supplement its Answer, and to plead such further defenses and affirmative defenses

11  and take such further actions as it may deem proper and necessary in its defense upon

12  the completion of its investigation and study.

13   **DEFENDANT'S PRAYER FOR RELIEF**

14   WHEREFORE, having fully answered Plaintiff's Complaint, Defendant

15  respectfully requests that this Court:

16   (a)   Dismiss Plaintiff's Complaint in its entirety;

17   (b)   Deny each and every demand, claim, and prayer for relief contained in

18  Plaintiff's Complaint;

19   (c)   Award to Defendant reasonable attorneys' fees and costs incurred in

20  defending this action; and,

21   (d)   Grant such other and further relief as this Court may deem just and

22  proper.

23  //

24  //

25  //

26  //

ANSWER TO COMPLAINT FOR DAMAGES
- 14

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

1    Dated:          December 1, 2022

2                                          /s/ Anne E. Reuben
                                           Anne E. Reuben, WSBA #53299
3                                          areuben@littler.com

4
                                           LITTLER MENDELSON, P.C.
5                                          One Union Square
                                           600 University Street, Suite 3200
6                                          Seattle, WA  98101.3122
                                           Telephone: 206.623.3300
7                                          Facsimile:  206.447.6965

8                                          *Attorneys for Defendant*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ANSWER TO COMPLAINT FOR DAMAGES
                                          - 15

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

1

## CERTIFICATE OF SERVICE

2          I am a resident of the State of Washington, over the age of eighteen years, and

3   not a party to the within action.  My business address is One Union Square, 600

4   University Street, Ste. 3200, Seattle, WA  98101.  I hereby certify that on December

5   1, 2022, I electronically filed the foregoing document titled *Answer to Complaint*

6   *for Damages* with the Clerk of the Court using the CM/ECF system, which will send

7   notification of such filing to the following CM/ECF system participants:

8
    **Counsel for Plaintiff**
9
    Robin J. Shishido, WSBA #45926
10  Richard E. Goldsworthy, WSBA #40684
    SHISHDO TAREN GOLDSWORTHY
11  705 Second Avenue, Suite 1500
    Seattle, WA  98104
12  Phone: (206) 622-1604
    Email: rshishido@shishidotaren.com
13        rgoldsworthy@shishidotaren.com

14         I declare under penalty of perjury under the laws of the State of Washington

15  that the above is true and correct.  Executed on December 1, 2022, at Seattle,

16  Washington.

17

18                                          */s/ Noemi Villegas*
                                            Noemi Villegas, Legal Secretary
19                                          NVillegasDiaz@littler.com
                                            **LITTLER MENDELSON, P.C.**
20  4869-2304-8508.4 / 110830-1068

21

22

23

24

25

26

ANSWER TO COMPLAINT FOR DAMAGES
                                                    - 16

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300