Florence Z. Mao, WSBA #49973
florence.mao@ogletreedeakins.com
Elizabeth A. Falcone, Admitted *Pro Hac Vice*
elizabeth.falcone@ogletreedeakins.com
Michael D. Mitchell, Admitted *Pro Hac Vice*
michael.mitchell@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
222 SW Columbia Street, Suite 1500
Portland, OR 97201
Telephone: 503-552-2140
Facsimile: 503-224-4518

The Honorable Thomas O. Rice
Trial Date: September 9, 2024

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF WASHINGTON

# AT YAKIMA

| | |
|---|---|
| TAHVIO GRATTON,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>Defendant. | Case No. 1:22-cv-03149-TOR<br><br>**DEFENDANT UNITED PARCEL SERVICE, INC.'S MOTION FOR DIRECTED VERDICT AS TO PUNITIVE DAMAGES UNDER 42 U.S.C. § 1981** |

DEFENDANT UNITED PARCEL SERVICE, INC.'S MOTION FOR DIRECTED VERDICT AS TO PUNITIVE DAMAGES UNDER 42 U.S.C. § 1981 (No. 1:22-cv-03149-TOR)

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

## I.  INTRODUCTION

Defendant United Parcel Service, Inc. ("UPS") respectfully requests this Court grant its motion for directed verdict as to Plaintiff Tahvio Gratton's claim for punitive damages under 42 U.S.C. § 1981. Plaintiff presents no evidence that would lead the jury to conclude that punitive damages is warranted. No manager at the Yakima Center has the decision-making authority or the ability to engage in the retaliatory conduct that he alleges. Center Manager, Erik Loomis, and Preload Manager, Matthew Fromherz, had no decision-making authority to terminate or issue formal discipline to a union employee without approval from Labor. The evidence shows that Labor Manager, Karl Leyert, was the sole decision-maker as to Plaintiff's termination. Leyert reviewed witness statements related to Preload Supervisor, Linda Hernandez's, complaint that Plaintiff touched her without her consent, as well as Security Supervisor, Ryan Wiedenmeyer's, investigation findings to make his decision. He did not consult with Fromherz, Hernandez, or Loomis to make the termination decision. Indeed, Loomis was on medical leave at the time Plaintiff was fired. There is simply no evidence that any manager at UPS acted with malice or reckless disregard of Plaintiff's rights that can be imputed on UPS as an entity such as to warrant an award of punitive damages under Section 1981.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 50(a)(1) provides:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>   (A) resolve the issue against the party; and
>   (B) grant a motion for judgment as matter of law against the party on a claim or defense that, under the

DEFENDANT UNITED PARCEL SERVICE, INC.'S MOTION FOR DIRECTED VERDICT AS TO PUNITIVE DAMAGES UNDER 42 U.S.C. § 1981 - 1
(No. 1:22-cv-03149-TOR)

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

> controlling law, can be maintained or defeated only
> with a favorable finding on that issue.

Any motion for a directed verdict must be made before the case is submitted to the jury. Fed. R. Civ. P. 50(a)(2). The major purpose of Rule 50(a) is "to call the claimed deficiency in the evidence to the attention of the court and to opposing counsel at a time when the opposing party is still in a position to correct the deficiency." *Hankin v. City of Seattle*, 2007 WL 213650, at *1 (W.D. Wash. Jan. 26, 2007) (*Water v. Young*, 100 F.3d 1437, 1441 (9th Cir. 1996)). "The rule prevents opposing counsel from being 'ambushed' or 'sandbagged' regarding the sufficiency of the evidence adduced at a point in the trial proceedings when it is too late to address possible insufficiencies." *Id.* (citing *Crawford v. Andrew Systems, Inc.*, 39 F.3d 1151 (11th Cir. 1994)). To decide a motion for directed verdict, the Court does not weigh the evidence, but instead, determines whether, "viewing the evidence as a whole, there is substantial evidence present that could support a finding, by reasonable jurors, for the nonmoving party." *Brown v. Vail*, 2020 WL 169227, at *1 (E.D. Wash. Apr. 7, 2020) (citing *Quichocho v. Kelvinator Corp.*, 546 F.2d 812, 813 (9th Cir. 1976) (citation omitted)); *Cockrum v. Whitney*, 479 F.2d 84 (9th Cir. 1973). "Substantial evidence is such relevant evidence as reasonable minds might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence." *Id.* (citing *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999)).

### III. <u>ARGUMENT</u>

Punitive damages under Section 1981 are only available when the "complaining party demonstrates the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the" protected rights of the individual. 42 U.S.C. § 1981a(b)(1). The U.S. Supreme Court

DEFENDANT UNITED PARCEL SERVICE, INC.'S MOTION FOR DIRECTED VERDICT AS TO PUNITIVE DAMAGES UNDER 42 U.S.C. § 1981 - 2
(No. 1:22-cv-03149-TOR)

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

has held that, for a plaintiff to impute liability for punitive damage to the defendant under Section 1981, he must show more than "malice or . . . reckless indifference on the part of certain individuals." *Kolstad v. American Dental Ass'n*, 527 U.S. 526, 539 (1999). As the *Kolstad* Court explained, "[t]he common law has long recognized that agency principles limit vicarious liability for punitive awards." *Id.* at 541 (citation omitted). Accordingly, "in the punitive damages context, an employer may not be vicariously liable for the [retaliatory] employment decisions of managerial agents where these decisions are contrary to the employer's 'good faith efforts to comply with Title VII.'" *Id.* at 545. An employer may escape punitive damages if it can show that the challenged actions were not taken by "corporate officers . . . sufficiently senior to be considered proxies for the company" and were "contrary to the employer's good faith implementation of an effective antidiscrimination policy." *Costa v. Desert Palace*, Inc., 299 F.3d 838, 864 (9th Cir. 2002); *Passantino v. Johnson & Johnson Consumer Prod., Inc.*, 212 F.3d 493, 517 (9th Cir. 2000).

Plaintiff argues that *Zhang v. American Gem Seafoods, Inc.*, 339 F.3d 1020 (9th Cir. 2003) supports his opposition to UPS's motion. *Zhang* is inapposite. In *Zhang*, the employer's former employee sued the employer for employment discrimination and breach of contract, contending that he was retaliated against and ultimately terminated due to his Chinese ethnicity and nationality under both Section 1981 and the Washington Law Against Discrimination. *See id.* at 1026. *Zhang* is not inconsistent with *Kolstad*. *Zhang* clearly states that an employer may be liable for punitive damages where it discriminates "*in the face of a perceived risk that its actions will violate federal law.*" *Id.* at 1041. In other words, the evidence needs to show that the alleged wrongful actor took action *knowing* that its actions will violate Section 1981. The *Zhang* court is simply clarifying that the evidence

DEFENDANT UNITED PARCEL SERVICE, INC.'S MOTION FOR DIRECTED VERDICT AS TO PUNITIVE DAMAGES UNDER 42 U.S.C. § 1981 - 3
(No. 1:22-cv-03149-TOR)

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

that would be relevant to such an inquiry is "nearly" identical to the review required for liability. *Id.* at 1041. In other words, the same *evidence* would potentially be probative, but that does not mean that the same evidence that might lead to a finding of *liability* is *sufficient* for a finding of sufficient culpability to support a punitive damages award. Indeed, *Zhang* did not review the evidence in that case to evaluate whether the punitive damages award could be sustained, because the defendant *waived* the issue. The *Zhang* decision is not on point. UPS has not waived this issue. The Court may weigh the sufficiency of the evidence to determine whether Plaintiff has presented evidence to carry a punitive damages award. For the reasons described below, he has not.

### A. UPS Has Offered Ample Evidence that It Has an Anti-Retaliation Policy.

Leyert testified that UPS implements an anti-retaliation policy that allows employees to report objectionable conduct to a supervisor, manager, human resources manager, employee relations manager, or the hotline (which may be used anonymously). *See* Transcript, Jury Trial, Day 1, at pg. 122:13-21; 123:24-124:1; 127:10-21; 129:7-9. Former hourly Human Resources employee, Lisa Irvine, testified that UPS had "actual systems in place to prevent retaliation." *See* Transcript, Jury Trial, Day 2, at pg. 269:25-270:2. Alecia Todd, UPS Human Resources Business Partner, also testified that UPS has anti-retaliation policies in place, that it makes them known to its employees, and that employees have multiple avenues to report retaliation.

### B. Plaintiff Presented No Evidence that Any Manager with Decision-Making Authority Acted Contrary to UPS's Anti-Retaliation Policies.

Plaintiff has failed to present evidence that any managers who allegedly engaged in retaliatory actions were "sufficiently senior to be considered proxies for

DEFENDANT UNITED PARCEL SERVICE, INC.'S MOTION FOR DIRECTED VERDICT AS TO PUNITIVE DAMAGES UNDER 42 U.S.C. § 1981 - 4
(No. 1:22-cv-03149-TOR)

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

the company." *Passantino*, 212 F.3d at 517.  Plaintiff alleges that Loomis, Fromherz, and Hernandez harbored retaliatory intent towards him because he engaged in protected activity.  Plaintiff alleges that Loomis and Fromherz disproportionately increased the stops on his route, increased the volume of packages he needed to pick up, required him to deliver misloads more than other drivers, and refused to send drivers to help him, which led to him working longer hours than other drivers.

But evidence presented at trial unequivocally shows that Loomis and Fromherz are not senior managers who are proxies for UPS.  As Center Manger, Loomis was the highest-ranking manager at the Yakima Center, but he lacked termination decision-making authority.  See Transcript, Jury Trial, Day 1, at pg. 268:19-269:8.  In fact, both Loomis and Fromherz lack authority to hire or fire employees; they must obtain approval from Labor or Human Resources to terminate employees.

Even if any of these people were proxies for UPS, Plaintiff presents no evidence that Leyert, Loomis, or Fromherz (the alleged wrongdoers) acted contrary to UPS's anti-retaliation policy.  Although Plaintiff claims that Fromherz and Loomis expressed "hostility" towards Plaintiff, he fails to present any evidence showing that they acted "with malice" or "reckless disregard" based on his exercise of his rights ***under Section 1981***.  Vague comments that Fromherz and Loomis made about "getting rid of" Plaintiff are insufficient to show that either acted out of *retaliatory* animus based on Plaintiff's exercise of a *right protected by Section 1981*. Plaintiff's claim that Fromherz's participation in Wiedenmeyer's investigation, by "bringing witnesses" to him (at Wiedenmeyer's direction) as Wiedenmeyer investigated Hernandez's complaint, is similarly insufficient.  Indeed, Fromherz and Loomis's actions prove that they followed UPS's policies.  Hernandez reported

DEFENDANT UNITED PARCEL SERVICE, INC.'S MOTION FOR DIRECTED VERDICT AS TO PUNITIVE DAMAGES UNDER 42 U.S.C. § 1981 - 5 (No. 1:22-cv-03149-TOR)

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

sexual harassment to her supervisor, Fromherz, who asked for written statements from Hernandez and another witness, Castillo. Fromherz also took them to meet with Loomis, who advised them to report their concerns to UPS's anonymous reporting hotline.

Plaintiff's attempts to paint his workload as somehow retaliatory are unavailing. Loomis and Fromherz do not control Plaintiff's route assignment; he bid on it under the collective bargaining agreement. Further, the evidence shows that UPS planned Plaintiff's workday to be a manageable day, based on a computer program which analyzed the volume of packages and stops and miles driven, but that Plaintiff still was unable to complete his deliveries on time (or to do so consistently). Indeed, the issues that Plaintiff complained about happened to many drivers, including working more than 9.5 hours in a day and filing grievances to obtain penalty pay (as well as receiving delayed checks for grievance settlements). *See* Jury Trial, Day 1, at pg. 201:8-22.

Plaintiff alleges that Loomis and Fromherz harbored retaliatory intent towards him and provided input for Leyert's decision to terminate Plaintiff. However, Leyert testified that he did not consult with Loomis or Fromherz when he made the decision to terminate Plaintiff. *See* Transcript, Jury Trial, Day 1, at pg. 170:6-13. Fromherz and Loomis also testified that they were not consulted by anyone at UPS when Plaintiff was terminated. Indeed, Loomis was on medical leave when Leyert made the decision to terminate Plaintiff. In short, not only are Fromherz and Loomis not senior managers who acted with knowing or reckless intent to violate Section 1981, there is no evidence that *anyone* even engaged in retaliatory practices toward Plaintiff. Moreover, evidence that Loomis and Fromherz made comments about "wanting [Plaintiff] gone" or wanting to "get rid of" Plaintiff are insufficient to demonstrate malice and reckless disregard for Plaintiff's rights under Section 1981.

DEFENDANT UNITED PARCEL SERVICE, INC.'S MOTION FOR DIRECTED VERDICT AS TO PUNITIVE DAMAGES UNDER 42 U.S.C. § 1981 - 6
(No. 1:22-cv-03149-TOR)

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

Simply wishing that an employee was no longer with the company is not the same as targeting that employee *because* of his exercise of rights under Section 1981, which there has been no evidence to support. *See* Transcript, Jury Trial, Day 1 at pg. 265:15-25; Day 2, at pg. 302:1-11.

Plaintiff also attempted to elicit evidence that Hernandez harbored retaliatory intent towards him because on one occasion, driver Grant Elsworth overheard Hernandez stating that she did not like Plaintiff because he complained too much. Hernandez denied making this statement but also testified that Plaintiff complained about *having too many packages on his route*. Plaintiff's complaint about having too many packages is an everyday complaint about his job duties, not a protected activity under Section 1981.

### C. Plaintiff Fails to Show that Leyert, the Sole Decision-Maker in the Termination, Acted with Malice or Reckless Disregard of His Rights.

Leyert testified that he alone made the decision to terminate Plaintiff. *See* Transcript, Jury Trial, Day 1, at pg. 112:4-8. He reviewed the witness statements and investigative findings presented by Wiedenmeyer and relied on that information to terminate Plaintiff. *See* Transcript, Jury Trial, Day 1 at pg. 171:22-172:2. Plaintiff claims that Leyert's act of drafting a termination letter before Wiedenmeyer's investigation concluded can be imputed onto UPS for purposes of claiming punitive damages. However, Leyert testified that he sent Wiedenmeyer the draft termination letter on October 26, 2021, to make sure it was available if needed, but had not yet made the decision to terminate Plaintiff. *See* Transcript, Jury Trial, Day 1, at pg. 157:12-158:6; 162:11-13. Wiedenmeyer similarly testified that the draft termination was prepared in the event that it was needed, but would not be distributed until the investigation concluded and Plaintiff was interviewed. *See* UPS Exhibit 713 (Ryan Wiedenmeyer Videotaped Deposition). While Plaintiff claims that the termination

DEFENDANT UNITED PARCEL SERVICE, INC.'S MOTION FOR DIRECTED VERDICT AS TO PUNITIVE DAMAGES UNDER 42 U.S.C. § 1981 - 7
(No. 1:22-cv-03149-TOR)

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

itself demonstrated malice and reckless disregard, there is no evidence to support this assertion. Wiedenmeyer testified that he did not consider any prior complaints that Plaintiff made when he investigated Hernandez's complaint about him. *See* UPS Exhibit 713. Leyert testified that he reviewed prior grievances filed by Plaintiff but he did not consider them when he made the termination decision. *See* Transcript, Jury Trial, Day 1, at pg. 115:25-116:11. While Plaintiff claims that Leyert "lied to a government agency" about who made the termination decision, Leyert testified that he was *not* involved in drafting the response to Plaintiff's unemployment benefits claim indicating that Loomis and Lori Olson made the decision to terminate Plaintiff. *See* Transcript, Jury Trial, Day 1, at pg. 116:20-167:24.

## IV. CONCLUSION

UPS respectfully requests this Court grant its motion for directed verdict to dismiss Plaintiff's claim for punitive damages under Section 1981. Plaintiff fails to present evidence showing any manager at UPS acted with malice or reckless disregard for Plaintiff's rights. Loomis, Fromherz, and Hernandez lack decision-making authority and were not consulted by Leyert when he made the decision to terminate Plaintiff. No evidence shows that Leyert, Loomis, Fromherz, or Hernandez engaged in any act demonstrating malice or reckless disregard to retaliate against Plaintiff *for engaging in protected activity under Section 1981*. None of the alleged conduct by these individuals can be imputed onto UPS to support a finding of punitive damages by the jury.

Dated: September 11, 2024

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: *Elizabeth A. Falcone*

DEFENDANT UNITED PARCEL SERVICE, INC.'S MOTION FOR DIRECTED VERDICT AS TO PUNITIVE DAMAGES UNDER 42 U.S.C. § 1981 - 8
(No. 1:22-cv-03149-TOR)

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

Florence Z. Mao, WA #49973
florence.mao@ogletreedeakins.com
Elizabeth A. Falcone, Admitted *Pro Hac Vice*
elizabeth.falcone@ogletreedeakins.com
Michael D. Mitchell, Admitted *Pro Hac Vice*
michael.mitchell@ogletreedeakins.com
The KOIN Center
222 SW Columbia Street, Suite 1500
Portland, OR 97201
Phone: 503-552-2140
Attorneys for Defendant UNITED PARCEL SERVICE, INC.

DEFENDANT UNITED PARCEL SERVICE, INC.'S MOTION FOR DIRECTED VERDICT AS TO PUNITIVE DAMAGES UNDER 42 U.S.C. § 1981 - 9
(No. 1:22-cv-03149-TOR)

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

# CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will serve a copy of this document upon all counsel of record.

Dated this 11th day of September, 2024.

By: */s/ Marin Rosenquist*
Marin Rosenquist, Practice Assistant
marin.rosenquist@ogletreedeakins.com

DEFENDANT'S MOTION TO QUASH SUBPOENAS - 10
(No. 1:22-cv-03149-TOR)

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518
64187649.v2-OGLETREE