UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TAHVIO GRATTON,<br><br>                  Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>                  Defendant. | NO. 1:22-CV-3149-TOR<br><br>ORDER ON DEFENDANT'S MOTION FOR PARTIAL JUDGMENT, OR IN THE ALTERNATIVE, TO LIMIT THE SCOPE OF THE NEW TRIAL |

BEFORE THE COURT is Defendant's Motion for Partial Judgment or, in the Alternative, to Limit the Scope of New Trial (ECF No. 306). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant's Motion for Partial Judgment, or in the Alternative, to Limit the Scope of New Trial (ECF No. 306) is GRANTED.

## BACKGROUND

This case arises from claims of discrimination and violations under Washington's Law Against Discrimination, Wrongful Discharge in Violation of

ORDER ON DEFENDANT'S MOTION FOR PARTIAL JUDGMENT, OR IN THE ALTERNATIVE, TO LIMIT THE SCOPE OF THE NEW TRIAL ~ 1

1  Public Policy, and 42 U.S.C. § 1981a.  ECF No. 18 at 1.  Plaintiff alleges these

2  claims against his former employer, Defendant United Parcel Service.  *Id.*

3        On April 22, 2024, the Court granted partial summary judgment to both

4  parties and dismissed Plaintiff's claims for discrimination and a hostile work

5  environment and dismissed Defendant's affirmative defenses of administrative

6  exhaustion, statute of limitations, laches, preemption, waiver and estoppel, after-

7  acquired evidence, and mitigation of damages.  ECF No. 94 at 50.  During trial, the

8  jury returned a verdict in favor of Plaintiff and awarded Plaintiff $39.6 million in

9  emotional distress damages and $198 million in punitive damages.  ECF No. 236.

10        After trial, Defendant filed a Motion for Directed Verdict and Judgment as a

11  Matter of Law.  ECF Nos. 230; 243.  The Court granted Defendant's Renewed

12  Motion as a Matter of Law and vacated the jury's award of $198 million in

13  punitive damages because the Court found there was no basis for punitive damages

14  on the evidence presented.  ECF No. 265.  The Court denied Defendant's Motion

15  for Directed Verdict as moot.  ECF No. 265.  Later, the Court granted a new trial

16  based on attorney misconduct.  ECF No. 304.

17        In response, Plaintiff appealed these decisions and filed a petition for a Writ

18  of Mandamus to vacate the Court's order granting a new trial.  ECF Nos. 309-10.

19  The appeal was dismissed on jurisdictional grounds, and the petition was denied.

20  ECF Nos. 314-17; 319.  The Ninth Circuit did not find a clear error in the Court's

ORDER ON DEFENDANT'S MOTION FOR PARTIAL JUDGMENT, OR IN
THE ALTERNATIVE, TO LIMIT THE SCOPE OF THE NEW TRIAL ~ 2

grant of a new trial.  ECF No. 319 at 5.

Now, Defendant moved the Court to enter partial judgment on Plaintiff's punitive damages claim, or alternatively, order that punitive damages are not available during the new trial.  ECF No. 306 at 4.

## DISCUSSION

District Courts have discretion to limit the issues in a new trial based on "any reason for which a new trial has heretofore been granted in an action at law in federal court." *Marroquin v. City of Los Angeles*, 112 F.4th 1204, 1211 (9th Cir. 2024) (quoting FED. R. CIV. P. 59(a)(1)(A)); *Pumphrey v. K.W. Thompson Tool Co.*, 62 F.3d 1128, 1134 (9th Cir. 1995) (citing *d'Hedouville v. Pioneer Hotel Co.*, 552 F.2d 886, 897 (9th Cir. 1977)).  For a new partial trial to be granted, pursuant to the Seventh Amendment, the issues must be "so distinct and separable from the others that a trial of it alone may be had without injustice." *Gasoline Prods. Co. v. Champlin Ref. Co.*, 283 U.S. 494, 500 (1931); *Marroquin v. City of Los Angeles*, 112 F.4th 1204, 1211 (9th Cir. 2024).

Plaintiff requests denial of Defendant's Motion as untimely, arguing that it is a dispositive motion filed well after the applicable deadline.  ECF No. 308 at 3-4.  Additionally, Plaintiff contends that sufficient evidence supports the claim for punitive damages.  ECF No. 308 at 3-12.

In response, Defendant clarifies that this motion is not dispositive because

the motion does not affect the ability of Plaintiff to pursue any of the three claims. ECF No. 312 at 2. Moreover, the plain language of the local rules supports this argument. ECF No. 312 at 1-2; LCivR 7(b)(3). Defendant continues that Plaintiff relies on the Court's scheduling order from the first trial not a scheduling order based on the new trial. ECF No. 312 at 4-5. Lastly, Defendant reiterates the district court's authority to limit issues for a new trial. ECF No. 312 at 1-3.

The Court agrees. The Court has authority to limit the issues in a new trial. The claims to be retried in the new trial are the same as the previous trial. The Court did not find a basis for an award of punitive damages at the prior trial, nor does it find any reason to permit reconsideration of punitive damages at the new trial. ECF No. 265 at 34.

For the same reasons, Plaintiff's arguments regarding the availability of punitive damages and references from the first trial are unpersuasive. ECF No. 308. Plaintiff presents numerous arguments asserting that substantial evidence supports submitting punitive damages to the jury. ECF No. 308. However, many of these arguments were addressed in the Court's previous order Granting Defendant's Renewed Motion for a Judgment as a Matter of Law. ECF No. 265 at 26-34. Plaintiff does not present any new arguments that persuade the Court.

While Plaintiff states the Court's previous order is inoperable based on the Court's grant for a new trial, the arguments are still relevant. ECF No. 308 at 7.

ORDER ON DEFENDANT'S MOTION FOR PARTIAL JUDGMENT, OR IN THE ALTERNATIVE, TO LIMIT THE SCOPE OF THE NEW TRIAL ~ 4

Paradoxically, Plaintiff relies on the Court's prior summary judgment order to argue that sufficient evidence exists for the jury to consider the issue of punitive damages. ECF No. 308 at 3. Again, this does not change the Court's reasoning in the Court's Order on Defendant's Renewed Motion for Judgment. ECF No. 265.

As discussed, the issue of punitive damages is a separate and distinct issue that has already been discussed by this Court. ECF No. 265 at 34. Punitive damages under 42 U.S.C. § 1981a, requires that the individual acted with malice or reckless indifference to Plaintiff's federally protected rights. ECF No. 265 at 26; 42 U.S.C. § 1981a(b)(1). The Court explained that there was no evidentiary basis for an award of punitive damages based on malice or reckless indifference or any other theory Plaintiff presented. ECF No. 265 at 29-34. A measure of damages can be distinct and separable. *Hasbrouck v. Texaco, Inc.*, 663 F.2d 930, 933 (9th Cir. 1981) ("We find that two of the issues decided below are sufficiently 'distinct and separable' from the measure of damage question that, in the interest of judicial economy, they may be presently disposed of without affecting the fairness of the contemplated new trial.") (citation modified). Additionally, this is not the case in which the new trial separates the issues of liability and damages, which could raise concerns under the Seventh Amendment. *Marroquin v. City of Los Angeles*, 112 F.4th 1204, 1211-12 (9th Cir. 2024). The availability of punitive damages does not need to be relitigated. Accordingly, Defendant's Motion is granted.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion for Partial Judgment, or in the Alternative, to Limit the Scope of New Trial (ECF No. 306) is **GRANTED.**

2. Plaintiff is precluded from pursuing punitive damages at the new trial.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED February 23, 2026.



THOMAS O. RICE
United States District Judg

ORDER ON DEFENDANT'S MOTION FOR PARTIAL JUDGMENT, OR IN THE ALTERNATIVE, TO LIMIT THE SCOPE OF THE NEW TRIAL ~ 6